ALEX G. TSE (CABN 152348)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SAILAJA M. PAIDIPATY (NYBN 5160007)
Assistant United States Attorney

450 Golden Gate Avenue, 11th Floor
San Francisco, California 94102-3495
Telephone: (415) 436-6821
FAX: (415) 436-7234
sailaja.paidipaty@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DESEAN BAILEY,<br><br>Defendant. | CR 18-003 CRB<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date: August 29, 2018<br>Time: 2:00 p.m.<br><br>Hon. Charles R. Breyer |

## I. INTRODUCTION

Defendant Desean Bailey stands before this Court for the second time in nine years after entering a guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Bailey continued a life of crime following his last federal conviction in 2008, resulting in a conviction for misdemeanor assault in 2015 and a felony conviction for assault with a deadly weapon in 2016. During the current offense conduct, Bailey ran from police and ultimately threw a loaded gun into the middle of a San Francisco street.

The parties entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The U.S. Probation Office ("Probation") concurs with the U.S. Sentencing Guidelines calculation set forth in the plea agreement, which calculates an adjusted offense level of 17. (Plea

Agreement ¶ 7.) At a Criminal History Category V, the resulting Guidelines range is 46 to 57 months' imprisonment. The parties and Probation agree that the appropriate sentence in this case is 57 months in custody, followed by three years of supervised release. (Plea Agreement ¶¶ 8, 16; Presentence Report ("PSR") at Recommendation, pg. 1.) Bailey's actions, coupled with his long history of violent and criminal behavior warrant a sentence at the high-end of the Guidelines range.

## II. FACTUAL BACKGROUND

The government agrees with the recitation of the offense conduct set forth in the final PSR, and encourages the Court to adopt it.

In sum, on November 6, 2017, officers from the San Francisco Police Department (SFPD) stopped a group of individuals who appeared to be illegally gambling in a parking lot. (PSR ¶ 7.) The officers indicated that the men were temporarily detained. (*Id.* ¶¶ 7-8.) Bailey then began running away from the scene with both hands in his waistband. (*Id.* ¶ 8.) As he ran, he tripped on a curb and fell over. (*Id.*) He pulled a gun from his waistband and threw it into street before being tackled by an SFPD officer. (*Id.*) The gun was loaded with 11 rounds of ammunition. (*Id.*)

## III. SENTENCING GUIDELINES CALCULATIONS

The parties and Probation agree that the applicable Guidelines computation is as follows:

a. Base Offense Level (U.S.S.G. § 2K2.1(a)(2)) +20
(offense committed after sustaining one felony conviction for a crime of violence)

b. Acceptance of Responsibility: - 3

If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.

c. Adjusted Offense Level: 17

The Sentencing Guidelines range for an offense level of 17 and a Criminal History Category of V is 46-57 months.

## IV. SENTENCING RECOMMENDATION

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the

purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin by calculating the correct sentencing range under the Sentencing Guidelines. *Id.* The Guidelines are "the 'starting point and the initial benchmark,'" *United States v. Ellis*, 641 F.3d 411, 415 (9th Cir. 2011) (quoting *United States v. Kimbrough*, 552 U.S. 85, 108 (2007)), and the Court should "remain cognizant of them throughout the sentencing process." *United States v. Gall*, 552 U.S. 38, 50 n.6 (2007). After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991-93. Here, the most important considerations are the seriousness of the current offense conduct, the defendant's criminal history, and the need to protect the public from further crimes. 18 U.S.C. §§ 3553(a)(1), (a)(2)(C).

Not only was the Defendant's possession of a gun illegal, but his actions prior to arrest endangered the community. Bailey jeopardized his own safety as well as the safety of others when he chose to run from the police while concealing a loaded gun. He further made the reckless decision to throw the loaded gun into the middle of a street.

Notably, Bailey's current conduct mirrors the facts underlying his prior federal conviction for being a felon in possession. In 2008, SFPD stopped Bailey and an associate for urinating in public. Bailey ran from the officers and threw a gun to the ground. (PSR ¶ 33.) Officers ultimately apprehended him following a brief chase and found that he was wearing a bulletproof vest and gloves. (*Id.*) Nine years later, Bailey once more committed the same crime in the same fashion.

Moreover, between his prior federal conviction and his current offense, Bailey repeatedly committed serious and violent crimes. As noted in the PSR, "[w]hile on federal supervision, the defendant was arrested on three separate occasions for Carry[ing] a Concealed Dagger, Assault with a Deadly Weapon, and Battery." (PSR, Recommendation at 3.) This Court ultimately revoked his term of supervision and sentenced Bailey to serve 30 days in custody for failing to reside in a residential re-entry center as required by his release conditions. (PSR ¶ 33.) Following completion of his federal sentence, Bailey was arrested and ultimately convicted of misdemeanor battery, as well as assault with a deadly weapon. (PSR ¶¶ 34-35.)

Taken together, for over a decade, Bailey has continuously disregarded the law, committed

violent offenses, and endangered the community. The government acknowledges that in pleading guilty and reaching an agreement with the government regarding the appropriate sentence, Bailey is accepting responsibility for his actions. Because of his repeated criminal behavior and the need to protect the community, Bailey's current conduct warrants a high-end Guidelines sentence as agreed to by the parties and Probation.

**V. CONCLUSION**

The government respectfully requests this Court to sentence Bailey to 57 months' imprisonment, followed by three years of supervised release pursuant to the conditions set forth in the PSR, and to forfeit the firearm and ammunition that were illegally possessed.

Dated: August 22, 2018

Respectfully submitted,

ALEX G. TSE
United States Attorney

______/s__________________________
SAILAJA M. PAIDIPATY
Assistant United States Attorney